IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED
BILLINGS DIV.
2011 FEB 11 PM 4 02
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>FRANCIS LEROY McLAIN,<br><br>Defendant/Movant. | Cause No. CR 08-138-BLG-RFC<br>CV 11-005-BLG-RFC<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On January 18, 2011, Defendant/Movant Francis McLain ("McLain"), a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. McLain also filed an affidavit and motions for discovery and production of certain documents.

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

ORDER DENYING § 2255 MOTION AND
DENYING CERTIFICATE OF APPEALABILITY / PAGE 1

## II. Background

On November 10, 2008, McLain was indicted on one charge of damaging government property, a violation of 18 U.S.C. § 1361, by building a mile-long ATV trail in the Gallatin National Forest and causing more than $1,000.00 in damages. Indictment (doc. 1) at 1-2; Offer of Proof (doc. 43) at 2-4. McLain requested and was given additional time to retain counsel. When he failed to do so, counsel was appointed to represent him. Order (doc. 30).

On October 9, 2009, the parties filed a fully executed Plea Agreement. McLain agreed to plead guilty to a Superseding Information charging the same offense but dropping the allegation that the resulting damages exceeded $1,000.00. Lacking the damages allegation, the offense became a misdemeanor. See 18 U.S.C. § 1361; Superseding Information (doc. 42) at 2. McLain also stipulated to pay full restitution in the amount of $25,000.00, and the parties made other agreements about sentencing recommendations. Plea Agreement (doc. 41) at 4-5 ¶¶ 6-7, 9-11 ¶ 11. McLain pled guilty in open court on December 18, 2009. Minutes (doc. 53). At the same time, he consented to proceed before a United States Magistrate Judge and waived his right to be tried and sentenced by a District Judge. Consent (doc. 54) at 1.

On January 14, 2010, McLain was sentenced to serve a within-Guidelines term

of five months in prison, concurrent with his sentence in a case arising in the District of Minnesota. He was fined $2,000.00 and ordered to pay $25,000.00 in restitution. Judgment (doc. 58) at 2, 5; Statement of Reasons (doc. 59) at 1, 2 (under seal). McLain waived appeal. See Plea Agreement at 12 ¶ 15(a).

McLain timely filed his § 2255 motion on January 18, 2011. 28 U.S.C. § 2255(f)(1); Fed. R. App. P. 4(b); Clay v. United States, 537 U.S. 522, 527 (2003).

### III. McLain's Allegations

McLain alleges that counsel was ineffective because he failed to challenge the Untied States' ownership of the property and the legality of the Indictment. Mot. § 2255 (doc. 60) at 4, 5-6. As to both alleged errors, McLain asserts he would not have pled guilty had he known they have merit. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### IV. Analysis

Strickland v. Washington, 466 U.S. 668 (1984), governs claims alleging ineffective assistance of counsel. First, McLain must show that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88. Second, he must show that "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. "A reasonable probability is a probability sufficient to undermine

confidence in the outcome." Strickland, 466 U.S. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

### A. Ownership of the Gallatin National Forest

McLain claims that "a Chief of the Crow Nation" told him the land belongs to the Crow Tribe under an 1868 Treaty. Mot. § 2255 at 4; McLain Aff. (doc. 60-1) at 1 ¶ 5, 2 ¶ 7. If McLain's theory is correct, it would only prove the United States' ownership of the land. Just or unjust, "Indian title is a permissive right of occupancy granted by the federal government to the aboriginal possessors of the land" and is "not specifically recognized as ownership." United States v. Gemmill, 535 F.2d 1145, 1147 (9th Cir. 1976) (citing Johnson v. McIntosh, 21 U.S. (8 Wheat.) 543, 574-74 (1823) (Marshall, C.J.), and Tee-Hit-Ton Indians v. United States, 348 U.S. 272, 279 (1955)). Even if the terms of the 1868 Fort Laramie Treaty with the Crow Tribe were controlling, Article II of the Treaty, 15 Stat. 649 (Aug. 12, 1868), set aside the lands it described "for the absolute *use and occupation* of the Indians" (emphasis added). It did not convey legal title. The Senate never would have ratified it if it did.

Even if his theory is incorrect, McLain is entitled to relief if the United States did not own the land. But it did. National forests are owned by the United States.

E.g., United States v. Gardner, 107 F.3d 1314, 1317 n.1, 1320 (9th Cir. 1997); Park County v. United States, 626 F.2d 718, 720 (9th Cir. 1980) (ruling in favor of the United States in quiet title action brought by county regarding easement in Gallatin National Forest); see also United States v. Curtis-Nevada Mines, Inc., 611 F.2d 1277, 1283 (9th Cir. 1980) ("Historically the United States has managed the lands within the public domain as fee owner and trustee for the people of the United States.").

While McLain claims the documents attached to his motion show that the United States could not prove its ownership interest in the Gallatin National Forest, they actually support counsel's decision not to pursue the matter. The United States purchased the land in question from France in 1803, when "the country changed owners." Menard's Heirs v. Massey, 49 U.S. 293, 306 (1850) (referring to the Louisiana Purchase). Along with other land acquired by the United States, the parcel in question was surveyed by the General Land Office, 43 U.S.C. § 52, and eventually designated Section 36 of Township 4 South, Range 9 East, in what is now Park County, Montana, DOJ Letter (doc. 60-1 at 3). When Montana became a state, this Section 36, along with all sections numbered 36 in every township within the boundaries of the new state, was granted to the State of Montana as school trust land. Enabling Act of Feb. 22, 1889, ch. 180, § 10, 25 Stat. 676 ("sections numbered

sixteen and thirty-six in every township . . . are hereby granted to said States for the support of common schools"); Sec'y of State Letter (doc. 60-1 at 4) (stating that the parcel was "originally school trust land"). The section was "later ceded to the federal government," Sec'y of State Letter; see also Mont. Code Ann. §§ 2-1-210 (enacted 1935), 77-2-201(1)(a) (enacted 1927); 16 U.S.C. §§ 485, 516, 521, 521a. If the Secretary of State for the State of Montana says the land belongs to the United States, it does.

Counsel's decision not to challenge the United States' ownership of the Gallatin National Forest was not only a reasonable professional judgment but also a correct one. Neither prong of the Strickland test is met. This claim is denied as frivolous.

## B. Validity of the Indictment

McLain pled guilty to an Information. An Information need not be presented to a grand jury. Fed. R. Crim. P. 7(a), 58(b)(1).

Additionally, the Indictment was signed by the foreperson, who does not sign unless 12 members of the grand jury concur in the Indictment's issuance, and returned in open court in accordance with this Court's standard practices. Fed. R. Crim. P. 6(c), (f). There was no reason for counsel to suspect any irregularity in the standard

procedures of the grand jury.

Finally, in fact, nineteen grand jurors concurred in issuance of the Indictment. Counsel's performance was not deficient and McLain was not prejudiced. This claim is also denied as frivolous.

### V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

No reasonable jurist could find either prong of the Strickland test met in this case. No reasonable jurist could conclude that the Gallatin National Forest is not the property of the United States or that an Indictment in which 19 grand jurors concurred and which was returned in full compliance with Fed. R. Crim. P. 6(c) and (f) is invalid. McLain's claims not only lack merit but are frivolous. A COA is not

warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. McLain's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 60) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if McLain files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 11-005-BLG-RFC are terminated and shall close the civil file by entering judgment in favor of the United States and against McLain.

DATED this 11th day of February, 2011.

_____
Richard F. Cebull, Chief Judge
United States District Court

ORDER DENYING § 2255 MOTION AND
DENYING CERTIFICATE OF APPEALABILITY / PAGE 8